**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------
ANTHONY ESTEE GAULT,

                        Plaintiff,

           v.                                            No. 12-CV-1570
                                                        (FJS/CFH)
STEVE P. BOYLE, President of St. Peters
Hospital, ET AL.,

                        Defendant.
-------------------------------------------------------------------

**APPEARANCES:**                                **OF COUNSEL:**

ANTHONY ESTEE GAULT
Plaintiff Pro Se
89-111 Porter Avenue, 2F
Brooklyn, New York 11237

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

      Anthony Gault filed this complaint, along with a request to proceed In Forma Pauperis ("IFP"), in the Southern District of New York on July 17, 2012. Dkt. Nos. 1-2. On October 9, 2012, the case was transferred to the Northern District of New York. Dkt. No. 8. Gault has not paid any fee relating to this action.

      Gault's complaint, which is disjointed and difficult to decipher, appears to allege that various individuals conspired to poison his food, interfere with his employment and government benefits, and civilly confine and forcefully medicate him. Because the pleading filed by Gault fails to satisfy basic pleading requirements or establish federal jurisdiction, as more fully discussed below, this Court recommends dismissal, or, in the alternative, in light of his pro se status, an order be issued directing Gault to file an amended complaint should

he wish to avoid dismissal of this action.

## I. Discussion

### A. IFP Application

Turning first to Gault's Motion to Proceed with this Action IFP, after reviewing the application, the Court finds that Plaintiff may properly proceed with this matter IFP.

### B. Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."

2

Id. at 8(d).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

A complaint which fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, especially with respect to a pro se complaint, the court generally affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

A review of the complaint reveals that the pleading clearly fails to satisfy the

3

requirements of the above-mentioned Federal Rules. The complaint is, at best, disjointed and confusing. Gault has provided hundreds of pages of letters addressed to various government officials and agencies complaining about a variety of instances over a five year time period. The best that the Court can decipher is that Gault contends that various individuals, some of which are named defendants, conspired to poison his food in an attempt to make him ill and crazy.

When he discovered their intentions, specifically those of defendant Boyle, President of St. Peter's Hospital where Gault was employed, he filed a complaint with Human Resources. Shortly thereafter, Boyle allegedly assaulted Gault, Gault was civilly confined and forcefully medicated, and eventually terminated from his employment. Gault also contends that these individuals were involved in a conspiracy with Boyle to interfere with his employment at Price Chopper and government benefits. Gault purportedly brings this action pursuant to a federal question, though it is unclear what constitutional rights he is seeking to vindicate or which potential statutes he may be suing under.

The Court is unsure of what interventions Gault is seeking. Moreover, since the complaint does not comply with the above-mentioned requirements, we recommend that dismissal is appropriate. However, in light of his pro se status, we alternatively recommend that the District Judge provide Gault an opportunity to amend his pleading to cure the deficiencies outlined above, with the warning that failure to submit an amended pleading will result in dismissal of this action.

### C. Jurisdiction

The Court is foremost concerned with whether we possess the jurisdiction to

entertain this suit and provide the relief sought. It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction. City of Kenosha, Wisconsin v. Bruno, 412 U.S. 507, 512 (1973); see also Alliance of Am. Ins. v. Cuomo, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction sua sponte). When subject matter jurisdiction is lacking, dismissal is mandatory. United States v. Griffin, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Thus, we begin with a review of the Court's jurisdiction to hear this case. Subject matter jurisdiction may be established in two ways: (1) if there is a federal question pursuant to 28 U.S.C. § 1331; or (2) if there is diversity of citizenship pursuant to 28 U.S.C. § 1332.

**1. Federal Question**

As previously noted, it is unclear under which federal statute Gault attempts to bring the present cause of action. Assuming that Gault is suing under 42 U.S.C. § 1983, the Civil Rights Act, Congress established such "a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); see also Gonzalez v. L'Oreal USA, Inc., 489 F. Supp. 2d 181, 184 n.2 (N.D.N.Y. 2007) (explaining stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged

5

violations of their constitutional rights[.]") (quotation marks and citations omitted).

As noted above, Gault complains that various individual defendants were involved in a conspiracy to interfere with his employment and federal benefits, poison him, and get him civilly confined and forcefully medicated.  Such an action cannot be pursued under § 1983 for several reasons.   First, Gault fails to state or specify the nature of his constitutional rights which were allegedly infringed upon.  Second, Gault fails to allege that the any of the named defendants, with exception of the representative from the Albany Housing Authority and the New York City police department, acted under color of state law.  It is well-settled that parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law.  See, e.g., Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action.") (citations omitted); see also United States v. Int'l Brotherhood of Teamsters, 941 F.2d 1292, 1295 (2d Cir. 1991) ("Because the United States Constitution regulates only Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action.") (internal quotation marks and citations omitted).  Because there are no allegations that defendants employed by any of the named hospitals, medical practices, or Price Chopper, all private companies, acted under color of state law with regard to interfering with Gault's alleged rights, a claim cannot be pursued under § 1983.  Because § 1983 would not be the proper vehicle for Gault to seek judicial review of his claims against these individual defendants, we recommend dismissal of any potential claims brought pursuant to 42 U.S.C. § 1983.  With regard to the Albany Housing Authority and New York City Police Department, amendment with respect to those claims is further

discussed infra.

## 2. Diversity Jurisdiction

For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Gault seeks damages in the tens of millions of dollars. However, Gault's complaint is flawed with the potential assertion of diversity jurisdiction since, by suing defendants who are all located in New York State, Gault compromises the complete diversity rule. In order to sustain diversity jurisdiction, there must be complete or total diversity, in that "the citizenship of each plaintiff is diverse from the citizenship of each defendant. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Gault's citizenship, and that of all the defendants working at various locations within New York State, is determined by domicile. Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile.") (citations omitted). A "[d]omicile is the place where a person has his true fixed home and principal establishment, and to which . . . he has the intention of returning." Id. (citations omitted). Gault indicated an address in Brooklyn. All of Gault's named individual defendants, while not identified with their addresses, all work within the Capital District Region and presumably live within New York State. With Gault alleging his own citizenship in New York State, the inclusion of various defendants also residing in New York State divests the Court of diversity jurisdiction. Furthermore, Gault's failure to include these addresses is also fatal to his potential diversity claim because the party seeking to invoke the court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete." Herrick Co., Inc. v. SCS Commc'n , Inc., 251 F.3d 315,

322-23 (2d Cir. 2001) (citations omitted). Thus, because Gault has failed to establish the basis for the Court's subject matter jurisdiction, dismissal is mandated.

### 3. Liberally Construed Complaint

However, this does not end our review. The Second Circuit has clearly enunciated a district court's obligation to read pro se complaints liberally. Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

### i. Section 1983

With respect to Gault's claims against the New York City Police and the Albany Housing Authority, such claims may set forth a violation of § 1983 because, at the very least, Gault has established that both entities are state actors. The Court makes no ruling as to the merits of such a claim, nor as to whether Gault has sufficiently established the personal involvement of any of those named defendants. However, in light of his pro se status, the Court recommends that Gault be afforded an opportunity to amend his complaint to make clear that this action is brought pursuant to 42 U.S.C. § 1983. Gault should also be provided an opportunity to provide more facts in his amended complaint which would allow the Court, and defendants, to assess whether a meritorious action is stated establishing the

8

requisite personal involvement. We suggest, but would not require, that Gault enlist the aid of the Pro Se Assistance Program, offered through the Northern District of New York's Federal Court Bar Association, Inc.[1] To be clear, this is only this Court's recommendation. Gault should await directions from the District Judge assigned to this matter before amending his Complaint.

### ii. Title VII

Throughout Gault's submissions, he alludes to a retaliation claim against his employer, defendant Boyle. "Title VII makes it unlawful for an employer to discriminate against an employee because he has made a charge . . . ." against said employer. Terry v. Ashcroft, 336 F.3d 128, 140 (2d Cir. 2003) (quoting 42 U.S.C. § 2000e-3(a)) (internal quotation marks omitted). To establish a retaliation claim, "an employee must show (1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and adverse employment action." Id. at 141 (citations omitted). Liberally construing Gault's claim, he alleged that he filed a grievance against Boyle and that shortly thereafter Boyle assaulted him, arranged to have him civilly confined, and eventually terminated his employment. According, Gault may have set forth a violation of Title VII. In light of his pro se status, the Court recommends that Gault be afforded an opportunity to amend his complaint to make clear this cause of action. Gault should also be provided an opportunity to provide more facts in his amended complaint which would allow the Court, and

---

[1] The Court directs the Clerk of the Court to provide Plaintiff with a copy of the Pro Se Assistance Program Brochure.

9

defendants, to assess whether a meritorious action is stated

However, it is well-settled in this Circuit that individuals are not liable under Title VII. See Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995); see also Hawkins v. County of Oneida, N.Y., 497 F. Supp. 2d 362, 370 (N.D.N.Y. 2007) (citing Tomka, 66 F.3d at 1313). Accordingly, to the extent that amendment should occur, it should be to add a party and name St. Peter's Hospital, and not Boyle, as the appropriate defendant. Moreover, Boyle, as an individual, cannot be held liable for any potential Title VII claims. Similarly, we would suggest, but not require, that Gault enlist the aid of the Pro Se Assistance Program, offered through the Northern District of New York's Federal Court Bar Association, Inc. To be clear, this is only this Court's recommendation.

### D. Amendment

Should Gault be directed by the District Judge to file an amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Gault**, must contain a caption that clearly identifies, by name, each individual that Gault is suing in the present lawsuit and must bear the case number assigned to this action. Gault must also clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of Gault's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**.

## II. Conclusion

For the reasons stated herein, it is hereby:

1. **ORDERED**, that Gault's IFP application (Dkt. No. 1) is **granted**[2]; and it is further

2. **RECOMMENDED**, that complaint be **dismissed** in its entirety due to the Court's lack of Subject Matter Jurisdiction; and it is further

3. **RECOMMENDED**, that in light of Gault's pro se status, prior to any dismissal, Gault should be afforded an opportunity to amend his complaint to:

    A. state a violation of § 1983 with respect to defendants in the Albany Housing Authority and the New York City Police Department; and

    B. add St. Peter's Hospital as a party and state a violation of Title VII; and it is further

4. **ORDERED**, that Gault should not take steps to amend his complaint until the District Judge assigned to this matter has had an opportunity to review the within recommendations and render a ruling; and it is further

5. **ORDERED**, that the Clerk of the Court provide Gault with a Pro Se Assistance Program Brochure; and it is further

6. **ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on Gault by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk

---

[2] Gault should note that although his application to proceed IFP has been granted, he will still be required to pay other fees that he may incur in this action, including copying and/or witness fees.

of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**.

Dated: October 25, 2012
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge